IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS DAVIS,

    **Plaintiff,**

    v.                                                        CASE NO. 23-3003-JWL

WYANDOTTE COUNTY DETENTION
CENTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se case under 42 U.S.C. § 1983. Plaintiff filed his case in the United States District Court for the Eastern District of Missouri, and the case was transferred to this Court. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently housed at the Boonville Correctional Center in Boonville, Missouri, his claims arose during his detention at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").

The Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 8). On March 23, 2023, the Court screened Plaintiff's Amended Complaint and found that the proper processing of Plaintiff's medical claim could not be achieved without additional information from appropriate officials of the WCDC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The Court ordered the WCDC officials to prepare and file a *Martinez* Report, stating that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28

1

U.S.C. § 1915A." (Doc. 9, at 4.) The *Martinez* Report (Doc. 12) (the "Report") was filed and the Court screened Plaintiff's Amended Complaint in light of the Report. On April 28, 2023, the Court entered a Memorandum and Order (Doc. 13) (M&O) granting Plaintiff until May 26, 2023, in which to respond to the *Martinez* Report and to show good cause why this action should not be dismissed for the reasons set forth in the M&O. Plaintiff has failed to respond by the deadline.

The underlying facts are set forth in detail in the Court's MOSC and the Court's Memorandum and Order at Doc. 9. In summary, Plaintiff claims he received inadequate medical care after he injured his finger playing basketball at the WCDC. Plaintiff claims he did not receive an x-ray until he was transferred to a different facility.

The Report provides that "[a] third-party contractor, Wellpath, provides medical care and treatment to offenders incarcerated at the Wyandotte County Detention Center." (Doc. 12, at 1.) The Report relies on the Affidavit of Dee-Dee Gregory, the Health Services Administrator at the WCDC, who reviewed Plaintiff's medical records. (Doc. 12–1.) Gregory's Affidavit sets forth Plaintiff's medical care in detail.

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1139 (10th Cir. 2023). "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*. "Instead, a court may need to determine whether

there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

The Court found in the M&O that Plaintiff's medical records do not show that he received the functional equivalent of a complete denial of care. Plaintiff received medical visits shortly after he requested them, received pain medication, and was notified that he should return within days if his issue was not resolved. Plaintiff's range of motion was monitored throughout the visits. An x-ray was eventually ordered, but Plaintiff was unable to receive it due to his transfer. The Court found that although there may have been a delay in ordering the x-ray, this suggests, at most, mere negligence. (Doc. 13, at 6.)

The Court stated in the M&O that:

> In light of the Report, the Court is considering dismissal of this matter for failure to state a claim. Plaintiff will be given an opportunity to respond to the Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

*Id*. Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated June 2, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**